UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PRANAV PATEL,

    Plaintiff,

v.      CASE NO.: 3:17-CV-321-J-34 MCR

NAZIMUDDIN NOORANI, an individual,
NNN PLATINUM LLC, a Florida Limited
liability company, and N GOOD LUCK 7,
LLC, a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through the undersigned attorneys of record, and files this lawsuit against Defendants to recover damages for Defendants' violations of the Fair Labor Standards Act ("FLSA") and Florida's civil theft statute, and in support thereof, Plaintiff states the following:

### NATURE OF ACTION

1.     This is an action for unpaid overtime brought under 29 U.S.C. §216

2.     This is an action for unpaid wages and breach of contract under Florida law.

### JURISDICTION

3.     This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

6. At all times material hereto, Defendant Nazimuddin Noorani was a resident of Gwinnett County Georgia.

7. At all times material hereto, Defendant NNN Platinum LLC was a Flroida limited liability company doing business in Duval County, Florida.

8. At all times material hereto, N Good Luck 7, LLC was a Florida limited liability company doing business in Duval County, Florida.

## GENERAL ALLEGATIONS

9. Defendant Noorani hired Plaintiff on or about June 16, 2010 to work at Chevron Food Mart, located at 5875 San Juan Avenue, Jacksonville, Florida 32210 (hereinafter "Chevron.")

10. At the commencement of his employment in 2010, Defendants promised to pay Plaintiff $10.00 per hour for all hours he worked each week.

11. At the end of each week, Plaintiff would call Defendant Noorani and report the total number of hours he worked during that week.

12. Each week, Defendant Noorani instructed Plaintiff to pay himself a specified amount from the cash register as compensation for the hours he worked during that week.

13. When Plaintiff inquired about the calculations used by Defendant Noorani to determine what deductions were being made, Defendant Noorani informed Plaintiff that he was deducting $75 per week from Plaintiff's paycheck for "unemployment insurance."

14. During his employment with Defendants, Plaintiff did not receive compensation for the hours he worked in excess of forty hours each week.

15. While Defendant Noorani had control of Chevron and its finances, the business operated under numerous limited liability companies registered with the Florida Department of State.

16. On August 2, 2012, a Florida Limited Liability Company named "NNN Platinum LLC" was registered with the Florida Department of State. NNN Platinum LLC operated under the fictitious name "Chevron Food and Gas" and listed the Chevron as its principal place of business. During the time that NNN Platinum LLC operated the Chevron, Defendant Noorani maintained control of the business and its finances.

17. On January 22, 2014, a Florida limited liability company named "N Good Luck 7 LLC" was registered with the Florida Department of State. N Good Luck 7 LLC operated under the fictitious name "Chevron Food & Gas" and listed the Chevron as its principal place of business. During the time that N GOOD LUCK 7 LLC operated the Chevron, Defendant Noorani maintained control over the business and its finances.

18. In February 2016, Defendant Noorani asked Plaintiff to setup a Florida limited liability company and agree to take on the additional responsibilities of running the Chevron's operations while Defendant Noorani maintained control over the business' finances. In consideration of this agreement, Defendants agreed pay Plaintiff $1,000 per month in additional compensation.

19. Plaintiff agreed to Defendants' terms and registered Paul Patel 29 LLC with the Florida Department of State in February 2016. Paul Patel 29 LLC operated under the fictitious name "Chevron Food & Gas" and listed the Chevron as its principal place of business.

20. Defendants have failed to pay the $1,000 per month in additional compensation that was promised to Plaintiff in exchange for forming Paul Patel 29 LLC and operating the Chevron.

21. Since establishing Paul Patel 29 LLC, Plaintiff was notified of and paid

approximately $10,000 in delinquent taxes and fees Defendants failed to pay. Defendants did not disclose the outstanding financial liabilities at the time the parties entered into the agreement with Plaintiff to establish Paul Patel 29 LLC.

22. From August 2016 through October 15, 2016, Defendants did not compensate Plaintiff for any of the hours he worked each week.

## COUNT I: VIOLATIONS FOR THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

23. Plaintiff realleges the allegations of paragraphs 1-12 and 14-17 above and incorporates them herein by reference.

24. At all times material hereto, the business operated by Defendants in the State of Florida has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as amended (hereinafter the "Act") and thereby subject to the provisions of the Act relating to the payment of overtime compensation to its employees.

25. From June 16, 2010 until approximately October 15, 2016, Plaintiff was employed by Defendants in a position not subject to an exemption under the provisions of the Act.

26. Defendants violated the Act when they failed to pay to Plaintiff overtime compensation for hours worked by Plaintiff in excess of 40 hours per workweek.

27. Defendants' violation of the Act in this regard has been a continuing violation for a period that exceeds three years preceding October 15, 2016

28. Defendants have demonstrated a willful intent to violate the Act in that it had no reasonable basis for believing that Plaintiff was an exempt employee as reflected by Defendants'

paying compensation to Plaintiff on an hourly basis.

29. Defendants' failure to pay overtime compensation to Plaintiff required under the provisions of the Act constitutes a willful violation of the Act thereby permitting Plaintiff to recover the unpaid overtime compensation plus liquidated damages for at least a three year period of time immediately preceding the date this action is filed.

WHEREFORE, Plaintiff demands judgment against Defendants for statutory compensatory and liquidated damages, prejudgment interest, costs and reasonable attorney fees as permitted by 29 U.S.C. § 216.

## COUNT II: UNPAID WAGES AGAINST ALL DEFENDANTS

30. Plaintiff realleges the allegations of paragraphs 1-8, 15-17, and 22 above and incorporates them herein by reference.

31. During the course of Plaintiff's employment, Defendants agreed to pay Plaintiff $10 per hour for all work completed for the benefit of Defendants.

32. In violation of their agreement, Defendants failed to pay Plaintiff for all work he completed from August 2016 through October 15, 2016.

33. As a result of Defendants' unlawful deductions from Plaintiff's weekly paycheck, Plaintiff was not compensated at the contracted wage rate for hours he worked each week.

WHEREFORE, Plaintiff demands judgement against Defendants for Defendant's failure to compensate him at $10.00 per hour for the hours he worked each week as well as his attorney's fees pursuant to Section 448.08, Florida Statutes.

## COUNT III: BREACH OF CONTRACT AGAINST NOORANI

34. Plaintiff realleges the allegations of paragraphs 1-9, and 18-21 above and incorporates

them herein by reference.

35. In February 2016, Defendants entered into an oral contract with Plaintiff to pay him $1,000 per month in exchange for Plaintiff's formation of Paul Patel 29 LLC and Plaintiff's operation of the Chevron.

36. In reliance on this contract, Plaintiff formed Paul Patel 29 LLC and assumed responsibility for the operation of the Chevron.

37. Defendants materially breached the contract entered into between Plaintiff and Defendants when they failed to make any of the $1,000 monthly payments to Plaintiff.

38. As a result of Defendants' material breach, Plaintiff has suffered financial harm.

WHEREFORE, Plaintiff demands judgment against Defendant Noorani for the amounts owed to Plaintiff under the terms of the contract entered into by Plaintiff and Defendant Noorani.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact so triable.

Respectfully submitted on this 17th day of March, 2017.

/s/ James C. Poindexter
T.A. DELEGAL, III, B.C.S.
Fla. Bar No.: 892701
Email: tad@delegal.net
Secondary email: office@delegal.net
JAMES C. POINDEXTER
Fla. Bar No.: 0116039
Email: james@delegal.net
DELEGAL LAW OFFICES, P.A.
424 E. Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850

Attorneys for Plaintiff

## VERIFICATION

I, Pranav Patel, acknowledge that all of the factual allegations contained herein are true and correct to the best of my knowledge and belief. I make this declaration pursuant to the provisions of 28 U.S.C. § 1746 and under the penalties of perjury of the United States.

*P. B. Patel*
Pranav Patel